UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>    Bridgette C. Poindexter,<br><br>        Debtor.<br><br>Minnesota Department of Employment and Economic Development<br><br>        Plaintiff,<br><br>vs.<br><br>Bridgette C. Poindexter,<br><br>        Defendant. | Chapter 7<br><br>Bky. File No. 09-35966 DDO<br>Adv. Proceeding No. 09-03195 DDO<br><br><br><br>**APPLICATION FOR ENTRY<br>OF DEFAULT JUDGMENT** |

**TO:** Bridgette C. Poindexter, 5448 186th St. W., Farmington, MN 55024; Patti J. Sullivan, 1595 Selby Ave., Suite 205, St. Paul, MN 55104; United States Trustee, 1015 U.S. Courthouse, 300 S. Fourth Street, Minneapolis, MN 55415.

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

PLEASE TAKE NOTICE that, pursuant to Local Bankruptcy Rule 7055-1, Plaintiff Minnesota Department of Employment and Economic Development hereby applies for entry of default judgment in the above-referenced adversary proceeding. This application is based upon

all of the pleadings, file and record herein, the accompanying Affidavit of Default and Identification of Defaulting Party, and the accompanying Affidavit on the Merits.

Dated: April 20, 2010

LORI SWANSON
Attorney General
State of Minnesota


s/Rory H. Foley
RORY H. FOLEY
Assistant Attorney General
Atty. Reg. No. 155056

900 Bremer Tower
445 Minnesota St.
St. Paul, Minnesota 55101-2127
(651) 757-1447 (Voice)
(651) 296-1410 (TDD)

ATTORNEYS FOR PLAINTIFF

AG: #2623521-v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| In re:<br><br>    Bridgette C. Poindexter,<br><br>        Debtor. | Chapter 7<br><br>Bky. File No. 09-35966 DDO<br>Adv. Proceeding No. 09-03195 DDO |
| Minnesota Department of Employment<br>and Economic Development,<br><br>        Plaintiff,<br><br>vs.<br><br>Bridgette C. Poindexter,<br><br>        Defendant. | **AFFIDAVIT OF DEFAULT<br>AND IDENTIFICATION OF<br>DEFAULTING PARTY** |

STATE OF MINNESOTA   )
                                ) ss.
COUNTY OF RAMSEY     )

Rory H. Foley, being first duly sworn, deposes and states:

1. I am an Assistant Attorney General with the State of Minnesota Attorney General's Office. In that capacity, I represent the Minnesota Department of Employment and Economic Development in the above-captioned matter and I am familiar with the status of the above-referenced litigation.

2. On November 24, 2009, my office served by first class mail the defendant, Bridgette C. Poindexter, 5448 186th St. W., Farmington, MN 55024, and her then attorney, Michael J. Auger, Schleck & Associates P.A., 505 Highway 169 N., Suite 260, Mpls., MN

55441, with the Summons and Complaint in the above-referenced matter. The Affidavit of Service was filed with this court on or about November 25, 2009.

3. More than 30 days has lapsed since the date of the summons, with no answer filed by the defendant.

4. On or around March 23, 2010, the defendant called me, indicating that she was no longer represented by an attorney and that she wanted to sign a stipulation for entry of judgment. On March 23, 2010, I sent the defendant a letter with a stipulation for her to review, sign and return to me. The defendant has not returned the stipulation to me. The defendant has not contacted me since on or around March 23, 2010 and my attempts to reach her since then have been unsuccessful.

5. To the best of my knowledge, information and belief, the full name and address of the defendant is as follows: Bridgette C. Poindexter, 5448 186th St. W., Farmington, MN 55024. This is the address contained within the defendant's Chapter 7 Petition.

6. To the best of my knowledge, information and belief, the defendant is not now, nor has been at any time relevant hereto, a member of the military, an infant or of noncompetent status.

_____
RORY H. FOLEY

Subscribed and sworn to before me
this _20th_ day of April, 2010.

_____
NOTARY PUBLIC

AG: #2623761-v1

JILL R. KLAUSING
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2015

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>    Bridgette C. Poindexter,<br><br>        Debtor.<br><br>Minnesota Department of Employment<br>and Economic Development,<br><br>        Plaintiff,<br><br>vs.<br><br>Bridgette C. Poindexter,<br><br>        Defendant. | Chapter 7<br><br>Bky. File No. 09-35966 DDO<br>Adv. Proceeding No. 09-03195 DDO<br><br><br><br>**AFFIDAVIT ON<br>THE MERITS** |

STATE OF MINNESOTA )
                                ) ss.
COUNTY OF RAMSEY )

David R. Possin, being first duly sworn, deposes and states:

1. I am a supervisor with the Department of Employment and Economic Development ("plaintiff"). As such, I am personally familiar with the facts and circumstances of the above-captioned litigation.

2. On or about November 6, 2005, the defendant applied for unemployment insurance benefits claiming that she was unemployed.

3. Based upon the defendant's representations that she was unemployed, the defendant received weekly benefits for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006.

4. As a condition of continuing receipt of unemployment insurance benefits, the defendant was required to answer certification questions by telephone for each week benefits were received.

5. In each of her answers to certification questions provided by telephone to the plaintiff for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006, the defendant represented that she remained eligible to receive unemployment insurance benefits.

6. Contrary to the defendant's specific representations in her answers to certification questions provided to the plaintiff by telephone, the defendant failed to accurately report her earnings from her employment with Vedior Holding US, Inc., for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006.

7. The plaintiff obtained wage information from Vedior Holding US, Inc., regarding the defendant for the period of time that the defendant claimed unemployment insurance benefits on the unemployment insurance account for which the defendant applied on or around November 6, 2005.

8. The wage information received from Vedior Holding US, Inc., regarding the defendant's earnings during the period she concurrently claimed and received unemployment insurance benefits for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006, was entered into the plaintiff's computer system as part of the determination issued to the defendant on March 21, 2007.

9. The defendant's failure to accurately report her earnings from her employment with Vedior Holding US, Inc., during the above-referenced times, while concurrently claiming and receiving unemployment insurance benefits, resulted in an overpayment of unemployment insurance benefits in the amount of $3,602.00 for the period covering the week beginning

December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006.

10. On March 21, 2007, the plaintiff issued a Determination of Overpayment in the amount of $3,602.00, together with a penalty in the amount of $900.00 for a total of $4,502.00.

11. The defendant did not respond to the Determination of Overpayment and, therefore, the determination of the plaintiff became final.

12. The defendant's representations constitute misrepresentations of material fact relative to the defendant's employment status.

13. The defendant made such misrepresentations in order to induce the plaintiff to rely thereon and to continue to provide unemployment insurance benefits to the defendant.

14. The plaintiff reasonably relied upon the defendant's misrepresentations and, therefore, continued to provide the defendant with unemployment insurance benefits.

15. The plaintiff may assess interest on any unemployment benefits fraudulently obtained, and any penalty amounts assessed under Minn. Stat. § 268.18, subd. 2 (2008) at the rate of 1-1/2 percent per month on any amount that remains unpaid beginning 30 calendar days after the date of the determination of overpayment by fraud pursuant to Minn. Stat. § 268.18, subd. 2b (2008).

16. Upon receiving notification that an applicant with a fraud overpayment and penalty balance has filed bankruptcy, the plaintiff stops assessing interest on the applicant's fraud overpayment and penalty balance.

17. From 30 calendar days or more after the Determination of Overpayment issued to the defendant on March 21, 2007, to the date of the filing of bankruptcy by the defendant on August 27, 2009, interest has accrued on the fraud overpayment and penalty in the amount of $1,388.00.

18. To date, the plaintiff has incurred court fees in the amount of $250.00.

19. To date, credits, payments or offsets to the indebtedness in the amount of $1,032.00 have been received.

20. The total amount currently due and owing to the plaintiff by the defendant is Five Thousand One Hundred Eight and 00/100 Dollars ($5,108.00).

DAVID R. POSSIN

Subscribed and sworn to before me on this 20TH day of April, 2010.

NOTARY PUBLIC

DAN W. SIMPSON
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

AG: #2623818-v1

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>    Bridgette C. Poindexter,<br><br>           Debtor.<br><br>Minnesota Department of Employment<br>and Economic Development,<br><br>           Plaintiff,<br><br>vs.<br><br>Bridgette C. Poindexter,<br><br>           Defendant. | Chapter 7<br><br>Bky. File No. 09-35966 DDO<br>Adv. Proceeding No. 09-03195 DDO<br><br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND ORDER FOR ENTRY<br>OF DEFAULT JUDGMENT** |

This adversary proceeding came before the court on the plaintiff's application for default judgment. Based on the pleadings, file and record, the court makes the following**:**

## FINDINGS OF FACT

1. The plaintiff is an agency of the State of Minnesota, responsible for the monitoring and application of Minn. Stat. Ch. 268, including § 268.18 (2008).

2. The defendant is a debtor in this case and is a recipient of economic benefits from the plaintiff under Minn. Stat. Ch. 268 (2008).

3. On or about November 6, 2005, the defendant applied for unemployment insurance benefits claiming that she was unemployed.

4. Based upon the defendant's representations that she was unemployed, the defendant received weekly benefits for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006.

5. As a condition of continuing receipt of unemployment insurance benefits, the defendant was required to answer certification questions by telephone for each week benefits were claimed. The defendant did not report her earnings to the plaintiff when she answered certification questions by phone.

6. In each of her answers to certification questions provided by telephone to the plaintiff for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006, the defendant represented that she remained eligible to receive unemployment insurance benefits.

7. Contrary to the defendant's specific representations in her answers to certification questions provided to the plaintiff by telephone, the defendant failed to accurately report her earnings from her employment with Vedior Holding US, Inc., for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006.

8. The plaintiff obtained wage information from Vedior Holding US, Inc., regarding the defendant for the period of time that the defendant claimed unemployment insurance benefits on the unemployment insurance account for which the defendant applied on or around November 6, 2005.

9. The wage information received from Vedior Holding US, Inc., regarding the defendant's earnings during the period she concurrently claimed and received unemployment insurance benefits for the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006, was entered into the plaintiff's computer system as part of the determination issued to the defendant on March 21, 2007.

10. The defendant's failure to accurately report her earnings from her employment with Vedior Holding US, Inc., during the above-referenced times, while concurrently claiming and receiving unemployment insurance benefits, resulted in an overpayment of unemployment

insurance benefits in the amount of $3,602.00 for the period covering the week beginning December 11, 2005, through the week beginning January 22, 2006, and for the week beginning March 19, 2006, through the week beginning May 21, 2006.

11. On March 21, 2007, the plaintiff issued a Determination of Overpayment to the defendant, notifying the defendant of its finding of unemployment insurance benefits overpayment in the amount of $3,602.00, plus a 25% statutory penalty of $900.00, for a total of $4,502.00.

12. The defendant did not respond to the Notice of Overpayment and, therefore, the determination of the plaintiff became final.

13. The defendant's representations constitute misrepresentations of material fact relative to the defendant's employment status.

14. The defendant made such misrepresentations in order to induce the plaintiff to rely thereon and to continue to provide unemployment insurance benefits to the defendant.

15. The plaintiff reasonably relied upon the defendant's misrepresentations and, therefore, continued to provide the defendant with unemployment insurance benefits.

16. The plaintiff may assess interest on any unemployment benefits fraudulently obtained, and any penalty amounts assessed under Minn. Stat. § 268.18, subd. 2 (2008) at the rate of 1-1/2 percent per month on any amount that remains unpaid beginning 30 calendar days after the date of the determination of overpayment by fraud pursuant to Minn. Stat. § 268.18, subd. 2b (2008).

17. From 30 calendar days after the date of the Determination of Overpayment issued to defendant on March 21, 2007, to the date of the filing of bankruptcy by defendant on August 27, 2009, interest has accrued on the fraud overpayment and penalty in the amount of $1,388.00.

18. To date, the plaintiff has incurred court fees in the amount of $250.00.

19. To date, credits, payments or offsets to the indebtedness in the amount of $1,032.00 have been received.

20. The total amount currently due and owing to the plaintiff by the defendant is Five Thousand One Hundred Eight and 00/100 Dollars ($5,108.00).

## CONCLUSIONS OF LAW

1. This case arose under 11 U.S.C. § 523(a)(2). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This court has jurisdiction pursuant to 28 U.S.C. § 1334.

2. The entire amount of the indebtedness owed by the defendant to the plaintiff represents money, property, and/or credit obtained by a false representation.

3. The defendant's misrepresentations constitute fraud under Minn. Stat. § 268.18, subd. 2 (2008), and the defendant is, therefore, liable to the plaintiff for repayment of a total of $3,602.00 wrongfully received by the defendant, plus 25% statutory penalties in the amount of $900.00, plus assessed interest in the amount of $1,388.00, for a total of $5,890.00.

4. The plaintiff must assess a penalty equal to twenty-five percent (25%) of the total amount fraudulently obtained pursuant to Minn. Stat. §268.18, subd. 2(a) (2006). The plaintiff may also add the cost of any court fees to the debt if the bankruptcy court does not discharge the debt pursuant to Minn. Stat. § 268.18, subd. 4a (b) (2008).

5. Based upon the foregoing, the defendant's total debt to the plaintiff in the amount of $5,108.00 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## ORDER FOR ENTRY OF JUDGMENT

1. The plaintiff shall recover from the defendant in the sum of $5,108.00.

2. The defendant's debt to the plaintiff represented by this judgment is excepted from the defendant's discharge.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:_____

BY THE COURT:

_____
DENNIS D. O'BRIEN
United States Bankruptcy Judge

AG: #2623904-v1

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____
                                        )
In re:                                  )
                                        )                    Chapter 7
    Bridgette C. Poindexter,            )
                                        )           Bky. File No. 09-35966 DDO
    Debtor.                             )           Adv. Proceeding No. 09-03195 DDO
_____  )
                                        )
Minnesota Department of Employment      )
and Economic Development,               )
                                        )
    Plaintiff,                          )
                                        )           **UNSWORN CERTIFICATE**
vs.                                     )           **OF SERVICE**
                                        )
Bridgette C. Poindexter,                )
                                        )
    Defendant.                          )
_____  )

    I, Clara Atkinson, declare under penalty of perjury that on April 20, 2010, I mailed copies of the Application for Entry of Default Judgment; Affidavit of Default and Identification of Defaulting Party, Affidavit on the Merits and (proposed) Findings of Fact, Conclusions of Law and Order for Entry of Default Judgment by first class mail postage prepaid to the person named below at the address listed:

Bridgette C. Poindexter
5448 186th St. W.
Farmington, MN  55024

Executed on: April 20, 2010        Signed:  Clara Atkinson
                                                                      Clara Atkinson
                                                                     Office of the Attorney General
                                                                       900 Bremer Tower
                                                                       445 Minnesota St.
                                                                       St. Paul, MN 55101-2127

AG: #2623988-v1